### R. B. Farson, Defendant in Error, v. Curtis B. Camp, Plaintiff in Error.

### Gen. No. 19,161. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 31, 1914.

### Statement of the Case.

Action by R. B. Farson against Curtis B. Camp on a promissory note executed by defendant and made payable to plaintiff. Defendant filed an affidavit of merits which was stricken from the files. Judgment was entered against defendant for $256.35 by default for want of an affidavit of merits. To reverse the judgment, defendant brings error.

LYMAN, LYMAN & O'CONNOR, for plaintiff in error.

PARKER & KING, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits in suit on note improperly stricken.* In an action on a promissory note given for $250, defendant filed an affidavit of merits stating that plaintiff and defendant jointly guarantied the payment of a certain note for $400, with the understanding that plaintiff was to get a third party to join in the guaranty; that the plaintiff forged the name of the third party to the guaranty, and afterwards paid the note; that the defendant, ignorant of the forgery and supposing he had the right of contribution from the third guarantor, by way of adjustment of his liability to plaintiff for paying said note, guarantied the payment of another note given to the plaintiff by the same maker for the same amount; that the defendant paid plaintiff $150 and claimed to owe him only $50 more on the transaction, making in all one-half of the original sum paid by the plaintiff on their joint guaranty. *Held* that the court erred in striking the affidavit from the files, that enough appears in the affidavit to justify the conclusion that the note was given for a balance due on the note to plaintiff for $400 after defendant paid $150, and that there appeared to be no liability from the defendant to plaintiff except for what the latter could require by way of contribution for satisfying their joint guaranty.